UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:22CR100 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| WILLIE A. PRATT, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Willie Pratt's motion to suppress. Out of an abundance of caution, the Court conducted a brief evidentiary hearing focused upon the time period immediately before Pratt's arrest. Based upon the briefing and the testimony presented at that hearing, the motion to suppress is DENIED.[1]

"[P]robable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). Typically, three levels of encounters between police and citizens are challenged in the courts: (1) the consensual encounter, which may be initiated without any objective level of suspicion, *United States v. Mendenhall*, 446 U.S. 544 (1980); *United States v. Travis*, 62 F.3d 170 (6th Cir. 1995) (hereinafter "*Travis II* "), *cert. denied*, 516 U.S. 1060, (1996); (2) the investigative detention, which, if non-consensual, must be supported by a reasonable, articulable suspicion of criminal activity,

---

[1] Pratt requested additional time for post-hearing briefing. The Court gave Pratt until October 18, 2022, to file any supplemental briefing. To date, no additional briefing has been filed.

*Florida v. Royer*, 460 U.S. 491 (1983); *United States v. Respress*, 9 F.3d 483 (6th Cir.1993); and (3) the arrest, valid only if supported by probable cause, *Illinois v. Gates*, 462 U.S. 213 (1983). In *Royer,* the Supreme Court elaborated on what constitutes a consensual encounter:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification. The person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way. He may not be detained even momentarily without reasonable, objective grounds for doing so; and his refusal to listen or answer does not, without more, furnish those grounds. If there is no detention—no seizure within the meaning of the Fourth Amendment—then no constitutional rights have been infringed.

*Royer,* 460 U.S. at 497.

A seizure of an individual, on the other hand, occurs when "under the totality of the circumstances, a reasonable person would have believed that he or she was not free to walk away." *United States v. Alston,* 375 F.3d 408, 411 (6th Cir. 2004). The officer's subjective intent in detaining an individual is irrelevant so long as that intent is not conveyed to the individual in a way that results in the individual believing that he or she is not free to leave. *See United States v. Mendenhall*, 446 U.S. 544, 554 n. 6 (1980). "Examples of circumstances that might indicate a seizure, even where the person did not attempt to leave, would be the threatening presence of several officers, the display of a weapon by an officer, some physical touching of the person of the citizen, or the use of language or tone of voice indicating that compliance with the officer's request might be compelled." *Id*. at 554.

Initially, the Court notes that based upon the testimony of Agent Brad Schultz, as officers approached Pratt to arrest him, he threw a bag of suspected narcotics into the vehicle which he was

near. Officers were able to see the bag in plain view on the front seat of the vehicle and identify its contents as narcotics. As such, officers had probable cause to arrest Pratt – separate and apart from the underlying information that was obtained following the overdose death of K.F.

Assuming arguendo, however, that the police presence near Pratt's arrest site was sufficient to have constituted a seizure *prior* to him throwing the bag of narcotics, Pratt's motion to suppress would still fail. Following the overdose death of K.F., officers were able to utilize his cell phone to set up an additional drug transaction. The seller for that transaction turned out to be Pratt's co-defendant Daryl Roberts. In addition, officers spoke with the witness who was consistently present with K.F. up until the time of his death. The witness was present when K.F. purchased drugs through a hand-to-hand transaction outside of a home on Walton Avenue. The witness described the residence as the home immediately west of Dollar General and confirmed that it was 3517 Walton Avenue when officers brought her to that location. The witness described that the seller on that occasion drove a silver sedan. Pratt was seen driving a silver sedan. The witness described the seller as heavyset black male with distinctive red beads in his hair. Pratt had thick dreadlocks with red dye on the ends – a look that could easily be mistaken for red beads.

Pratt's argument appears to focus upon the minor discrepancies in the descriptions given by the witness. For example, Pratt was driving a silver Lincoln Town Car while the witness believed he was driving silver Honda Civic. Moreover, as noted above, Pratt had red-tipped dreadlocks while the witness believed he had red beads in his hair. However, Pratt wholly ignores the totality of the circumstances. Pratt fit the description given the by the witness, including the red in his hair. Pratt was also found roughly one block from the location the witness identified. Finally, Pratt was found with his co-defendant Darryl Roberts, who had just been arrested the prior

day and was directly connected to the drug sale to K.F. Accordingly, reviewing the totality of the circumstances known to the officers, they had ample probable cause to arrest Pratt for drug trafficking.[2] Accordingly, his motion to suppress is DENIED.

    IT IS SO ORDERED.


  November 2, 2022                                                */s/ John R. Adams*
                                                             JUDGE JOHN R. ADAMS
                                                              UNITED STATES DISTRICT JUDGE

---

[2] Pratt appears to argue that officers lacked sufficient information to determine that the drugs he alleged sold to K.F. resulted in his overdose. However, that issue is not before the Court at this stage of the proceedings. Officers had probable cause to arrest Pratt for drug trafficking – nothing more is necessary for the Court to resolve to deny the pending motion to suppress.